UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**TANETHIA HOLDEN,**

          **Plaintiff,**

v.   Case No. 6:19-cv-2373-CEM-EJK

**HOLIDAY INN CLUB
VACATIONS INCORPORATED,**

          **Defendant.**

                                       /

## ORDER

THIS CAUSE is before the Court on Defendant's Motion for Partial Summary Judgment as to Count IV ("Defendant's Motion," Doc. 46) and Plaintiff's Motion for Partial Summary Judgment Against Defendant ("Plaintiff's Motion," Doc. 48). For the reasons set forth below, Defendant's Motion will be granted and Plaintiff's Motion will be denied.

### I.   BACKGROUND

In June 2016, Plaintiff purchased a timeshare from Defendant. (Purchase Agreement, Doc. 48-1, at 1). Plaintiff made a down payment, (*id.* at 2), and financed the rest, (Promissory Note, Doc. 47, at 14). The Promissory Note required Plaintiff to make monthly installment payments until the full amount, including interest, was

repaid. (Doc. 47 at 14).[1] Plaintiff made the first three installment payments and then did not make any additional payments. (Pl. Aff., Doc. 48-2, at 3–4; Doc. 47 at 3). After her third payment but before her fourth payment was due, Plaintiff hired an attorney, (Doc. 48-2 at 3–4), who sent Defendant a letter advising Defendant that Plaintiff "no longer intends to make further payments to your company, as she alleges her sales transaction was fraudulently represented at the time of sale and/or another reason exists for nonpayment, such as [Plaintiff's] inability to continue to fund the purchase," (Mar. 9, 2017 Letter, Doc. 9-5, at 1). Plaintiff's fourth payment was due on or before March 22, 2017, and she did not make that payment. (Doc. 48-2 at 3–4). On March 23, 2017, Plaintiff's attorney sent Defendant a second letter, attempting to cancel any contract with Defendant pursuant to certain language in the Purchase Agreement.[2] (Mar. 23, 2017 Letter, Doc. 9-6, at 2–3).

Defendant did not agree that the contract was cancelled, and on June 19, 2017, the timeshare Deed was recorded. (Doc. 47 at 3). Defendant also reported the delinquency on the Note ("the Debt") to the credit reporting agency Experian

---

[1] The lender associated with the Note was Wilson Resort Finance, LLC ("Wilson"). (Doc. 47 at 14). It appears that there is a relationship between Wilson and Defendant, (see, e.g., id. (listing the "creditor" on the Note as Wilson but also placing the Note on Orange Lake Resorts letterhead); Doc. 48-1 (listing the "developer" on the Purchase Agreement as OLCC Nevada, LLC but also placing the Purchase Agreement on Orange Lake Resorts letterhead); Mahecha Dep., Doc. 48-3, at 42–43 (explaining that Orange Lake Resorts transitioned to Defendant)). The parties treat all of these entities as the same and a distinction does not appear to matter for purposes of this Order.

[2] The March 23, 2017 Letter incorrectly states that Plaintiff did not make the first three installment payments. (Doc. 9-6 at 2). Plaintiff does not dispute that she did make those payments. (Doc. 48-2 at 3; see also Payment History, Doc. 47, at 29).

Information Solutions, Inc. ("Experian"). (*Id.*). Plaintiff sent dispute letters on June 15, 2018, September 7, 2018, and November 9, 2018. (*Id.*). Defendant investigated the disputes but determined that there was no inaccuracy in the reporting. (*Id.*).

As a result, Plaintiff brought suit against Defendant and Experian. The only claim remaining is Count Four—a claim under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b) against Defendant for allegedly reporting inaccurate information to Experian, failing to conduct an appropriate investigation, and failing to correct the inaccuracies. (Compl., Doc. 1, at 20–21). Defendant has now moved for summary judgment as to Count Four, and Plaintiff has moved for partial summary judgment as to whether Defendant's reporting was inaccurate.

## II.   LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it may "affect the outcome of the suit under the governing law." *Id.*

"The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Allen v. Bd. of Pub. Educ.*, 495 F.3d 1306, 1313–14 (11th Cir.

2007). In ruling on a motion for summary judgment, the Court construes the facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). However, when faced with a "properly supported motion for summary judgment," the nonmoving party "must come forward with specific factual evidence, presenting more than mere allegations." *Gargiulo v. G.M. Sales, Inc.*, 131 F.3d 995, 999 (11th Cir. 1997) (citing *Anderson*, 477 U.S. at 248–49 (1986)); *see also LaRoche v. Denny's, Inc.*, 62 F. Supp. 2d 1366, 1371 (S.D. Fla. 1999) ("The law is clear . . . that suspicion, perception, opinion, and belief cannot be used to defeat a motion for summary judgment.").

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. "[T]he proper inquiry on summary judgment is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Stitzel v. N.Y. Life Ins. Co.*, 361 F. App'x 20, 22 (11th Cir. 2009) (quoting *Anderson*, 477 U.S. at 251–52). Put another way, a motion for summary judgment should be denied only "[i]f reasonable minds could differ on the inferences arising from undisputed [material] facts." *Pioch v. IBEX Eng'g Servs.*, 825 F.3d 1264, 1267 (11th Cir. 2016) (quoting *Allen*, 121 F.3d at 646).

### III.   ANALYSIS

In this case, Defendant is a "furnisher" under the FCRA—i.e., an entity that supplies information to credit reporting agencies ("CRA"). *Hunt v. JPMorgan Chase Bank, Nat'l Ass'n*, 770 F. App'x 452, 453–54 (11th Cir. 2019). Under § 1681s-2(b) "[f]urnishers of information . . . are required to . . . conduct an investigation after receiving notice from a CRA of a dispute lodged by a consumer regarding information provided by the furnisher." *Felts v. Wells Fargo Bank, Nat'l Ass'n*, 893 F.3d 1305, 1312 (11th Cir. 2018). Reasonableness is the touchstone for whether the furnisher conducted a sufficient investigation. *Hinkle v. Midland Credit Mgmt., Inc.*, 827 F.3d 1295, 1302 (11th Cir. 2016). "If the furnisher finds, following an investigation, that an item of information disputed by a consumer is incomplete, inaccurate, or cannot be verified, the furnisher must either modify, delete, or permanently block reporting of that information." *Felts*, 893 F.3d at 1312. Section 1681s-2(b) also contemplates that the furnisher's investigation may result in the conclusion that the information provided was accurate and complete. *Hunt*, 770 F. App'x at 457. "When a furnisher ends its investigation by reporting that the disputed information has been verified as accurate, the question of whether the furnisher behaved reasonably will turn on whether the furnisher acquired sufficient evidence to support the conclusion that the information was true." *Felts*, 893 F.3d at 1312 (quotation omitted). Additionally, "a plaintiff asserting a claim against a furnisher

for failure to conduct a reasonable investigation cannot prevail on the claim without demonstrating that *had* the furnisher conducted a reasonable investigation, the result would have been different; *i.e.*, that the furnisher would have discovered that the information it reported was inaccurate or incomplete . . . ." *Id.* at 1313 (emphasis in original).

Defendant asserts that it is entitled to summary judgment because the disagreement between Plaintiff and Defendant regarding whether the Debt is owed constitutes a legal dispute, which is not an "inaccuracy" under the FCRA. Defendant is correct that "[a] plaintiff must show a factual inaccuracy rather than the existence of disputed legal questions to bring suit against a furnisher under § 1681s-2(b)."[3] *Hunt*, 770 F. App'x at 458 (citing *Chiang v. Verizon New Eng., Inc.*, 595 F.3d 26, 38 (1st Cir. 2010)). Here, Plaintiff argues that she properly rescinded the contract and therefore the Debt was not owed. Defendant argues that Plaintiff's efforts to rescind were ineffectual and the Debt is still owed. In other words, this is a contract dispute between the parties. Generally, unresolved contract disputes constitute legal disputes and not factual inaccuracies. *See Batterman v. BR Carroll Glenridge, LLC*, 829 F. App'x 478, 481–82 (11th Cir. 2020) ("We conclude that [the plaintiff's]

---

[3] Plaintiff argues that this principle of law should apply only to suits against CRAs, rather than against furnishers, citing various out-of-circuit case law. Plaintiff's argument is unavailing. Although *Hunt* is an unpublished opinion, it is an opinion from the Eleventh Circuit that directly addresses this issue and expressly applies this principle to suits against furnishers. The Court finds *Hunt* far more persuasive than out-of-circuit case law.

complaint concerns a contractual dispute that requires resolution by a court of law, not a credit reporting agency. As such, the complaint does not allege a factual inaccuracy in the credit reports and does not contain allegations sufficient to raise a right to relief on [the plaintiff's] FCRA claims."). However, where a court has clearly resolved the legal dispute, reporting information inconsistent with the court's resolution can constitute a factual inaccuracy. *See Losch v. Nationstar Mortg. LLC*, 995 F.3d 937, 946 (11th Cir. 2021) (determining that the case did not involve a legal dispute about the validity of the underlying debt where the reported debt at issue had been discharged in a bankruptcy proceeding).

Plaintiff argues that this case is akin to *Losch* because there have been two courts that have analyzed the same contractual provisions at issue here—albeit in cases involving different plaintiffs and different debts—and those courts interpreted the contractual provisions in a manner consistent with Plaintiff's interpretation. Specifically, Plaintiff points to *Orange Lake Country Club v. Arndt* (Doc. 48-4) and *Holiday Inn Club Vacations, Inc. v. Stoddard* (Doc. 48-5). Even assuming that under some circumstances a court determination in a case involving a different debt and a different plaintiff could resolve a legal dispute in a separate case, those circumstances do not exist here. First, while Plaintiff has referenced two cases where the court sided with her contractual interpretation, Defendant has pointed out that one of those cases, *Arndt*, is being appealed and is not final. Additionally, Defendant

provided at least one other court order that sided with Defendant's contractual interpretation—*Holiday Inn Club Vacations, Inc. v. Granger*, 2018-CA-011778-O (Fla. 9th Cir. Mar. 15, 2021).[4] These conflicting orders establish that there has not been the kind of final resolution referenced in *Losch*, and whether Plaintiff owes the Debt remains a disputed legal issue.[5]

Moreover, the cases cited by Plaintiff, *Arndt* and *Stoddard*, were not decided until August 2019 and September 2020, respectively. (Doc. 48-4 at 4; Doc. 48-5 at 4). The last dispute filed by Plaintiff was on November 9, 2018. (*See generally* Doc. 9-18). Therefore, even assuming that *Arndt* and *Stoddard* resolved the legal dispute in this case, they did not exist at the time that Defendant was investigating Plaintiff's debt, and therefore, at the time, this issue was unquestionably a legal dispute and not a factual inaccuracy. As such, Plaintiff's FCRA claim must fail. *Hunt*, 770 F. App'x at 458 ("[E]ven assuming [the defendant] furnished information that turned out to be legally incorrect under some future ruling, [the defendant's] purported legal error was an insufficient basis for a claim under the FCRA.").

---

[4] Defendant provides citations to additional cases, but Plaintiff argues that those cases are factually different than this case. The Court need not address this argument because Plaintiff does not make it as to *Granger*, which is sufficient for the Court to conclude that there is a genuine legal dispute as to the contractual interpretation.

[5] Plaintiff also cites a Middle District of Florida case, *Mayer v. Holiday Inn Club Vacations*, No. 6:20-cv-2283-GAP-EJK, 2021 U.S. Dist. LEXIS 136970 (M.D. Fla. June 8, 2021), which relied on *Arndt* in denying a motion to dismiss. However, given that *Mayer* was decided on a motion to dismiss, the court was necessarily limited in what it could review and it appears that the only case provided to the *Mayer* Court was *Arndt*. *Id.* at 7–8. *Mayer* is inapplicable here.

## IV.   CONCLUSION

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendant's Motion for Partial Summary Judgment as to Count IV (Doc. 46) is **GRANTED**.

2. Plaintiff's Motion for Partial Summary Judgment Against Defendant (Doc. 48) is **DENIED**.

3. All remaining motions are **DENIED as moot**.

4. The Clerk is directed to enter judgment in favor of Defendant and against Plaintiff, providing that Plaintiff shall take nothing on Count IV. Thereafter the Clerk is directed to close this case.

5. The March 4, 2022 Final Pretrial Conference and the March 14, 2022 Trial are **CANCELLED**.

**DONE** and **ORDERED** in Orlando, Florida on February 28, 2022.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record